# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRMA JEAN MITCHELL, | ) | CV F 04 6136 DLB |
| | ) | |
| Plaintiff, | ) ) | ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | ) ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) ) | |
| Defendant. | ) | |

## BACKGROUND

Plaintiff Irma Jean Mitchell ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On March 7, 2005, the Honorable Anthony W. Ishii reassigned the case to the undersigned for all purposes.

### **FACTS AND PRIOR PROCEEDINGS**[2]

Plaintiff filed an application for SSI on January 30, 2002, alleging disability since November 1, 1994, due to paranoid schizophrenia. AR 59,72. After being denied both initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 41-44, 47-50, 51. On August 11, 2003, ALJ James Berry held a hearing. AR 188-232. On September 13, 2003, ALJ Berry found that Plaintiff was not disabled. AR 25-28. On August 18, 2004, the Appeals Council denied review. AR 6-9.

<u>Hearing Testimony</u>

ALJ Berry held a hearing on August 11, 2003, in Fresno, California. Plaintiff appeared with her husband, who acted as her representative. AR 188. Vocational expert ("VE") Ms. Najarian also appeared and testified. AR 224.

Plaintiff testified that she was 36 years at the time of the hearing. AR 198. She lives with her husband and two children. AR 198. Plaintiff completed the tenth grade and has a GED. <u>Id</u>. Plaintiff previously worked as a teacher's aide, bus driver and fast food worker. AR 201-202.

Plaintiff testified that she usually spent her day laying around watching television and was often confused and depressed. AR 213. She likes to go fishing. <u>Id</u>. She takes care of her three-year old daughter and sometimes cooks. AR 214. She does not have a California Drivers License. <u>Id</u>.

Plaintiff testified that Dr. Collado prescribes her medications and talks to her but plaintiff felt that Dr. Collado did not listen to her. AR 215. She has some side effects from her medications such as headaches and hearing problems. AR 223-224. She does not attend family functions or picnics and she does not attend church. AR 217. She occasionally goes out to dinner with her husband. AR 218.

The ALJ asked the VE to assume an individual of Plaintiff's age, education and past relevant work, who retains the residual functional capacity to perform work at all levels of

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

exertion but due to mental impairments is limited to performing simple, routine, repetitive tasks. AR 226. This person retains the ability to maintain attention and concentration and also persistence and pace. AR 226. This individual retains the ability to relate to and interact with others, adapt to usual changes in work settings and to adhere to safety rules. AR 226. The VE testified that this person could perform Plaintiff's past relevant work as a fast-food worker. AR 227.

For the second hypothetical, the ALJ asked the VE to assume that this individual could stand 15 minutes maximum and walk less than 25 feet. AR 429. This person could lift five pounds and carry two; and stand, walk and sit at an indeterminate level. This person could not perform even simple, repetitive tasks; could not maintain attention and concentration; and could not maintain persistence or pace. AR 227. This individual is unable to relate to or interact with others and would be unable to adapt to usual changes in the work setting nor would this individual be able to adhere to safety rules. AR 227. The VE testified that this individual could not perform any of Plaintiff's past relevant work or any other jobs. AR 227.

<u>Medical Evidence</u>

On April 29, 2002, Dr. Frank Wilson performed a psychiatric evaluation of plaintiff and diagnosed a history of paranoid schizophrenia in total remission. AR 110-113. Dr. Wilson rated her GAF at 65 and noted that she had not taken any relevant medication in years. AR 111-112. He stated that plaintiff had sufficiently recovered from her schizophrenia and that she was able to maintain attention and concentration and carry out one or two step simple job instructions. AR 112. He further stated that she was able to relate and interact with coworkers, supervisors and the general public and "she would be able to carry out the kinds of complex things that she did previously." AR 113.

Plaintiff received treatment on three occasions from the Fresno County Mental Health Department between August 2002 and November 2002. AR 134-144. She was diagnosed with dysthymia on August 26, 2002. AR 144. On November 4, 2002, Dr. Huang stated that it was too early to determine disability. AR 138.

1  Plaintiff was treated at Fresno County Mental Health on three more occasions between
2  April 2003 and June 2003.  On June 23, 2003, Dr. Josefina Collado stated that plaintiff was
3  compliant with her medications but they were not very effective.  AR 171.  Plaintiff reported
4  decreased sleep, depression, anxiety, auditory hallucinations and paranoia.  AR 171.  Dr.
5  Collado diagnosed rule out schizo-affective disorder and increased her medication.  AR 171.
6  In a mental disorder evaluation completed on June 27, 2003, Dr. Collado reported a
7  schizo-affective disorder.  AR 169-170.  Dr. Collado noted that plaintiff was evasive, irritable,
8  manipulative and had an attitude problem.  AR 169.  Dr. Collado concluded that plaintiff's
9  abilities to perform simple repetitive and complex tasks, relate appropriately to others and to
10 maintain attention and concentration for 2 hour periods were poor and her abilities to sustain an
11 ordinary routine without special supervision and to handle the responsibilities common to a
12 basic work environment were impaired.  AR 170.

13 <u>ALJ's Findings</u>
14 The ALJ determined that Plaintiff had the severe impairment of schizophrenia, but
15 retained the residual functional capacity ("RFC") to perform simple repetitive tasks, relate
16 appropriately to others, maintain attention, concentration, persistence and pace, adapt to usual
17 changes in work setting and adhere to safety rules and had no exertional limitations.  AR 28.
18 The ALJ found Plaintiff's subjective complaints of alleged functional limitations not as severe
19 as she asserted and only partially credible.  AR 28.  Based on the testimony of the VE, the ALJ
20 determined that Plaintiff could perform her past relevant work as a fast food worker as it is
21 generally performed in the national economy.  AR 27, 28.

## SCOPE OF REVIEW

23 Congress has provided a limited scope of judicial review of the Commissioner's decision
24 to deny benefits under the Act.  In reviewing findings of fact with respect to such
25 determinations, the Court must determine whether the decision of the Commissioner is
26 supported by substantial evidence.  42 U.S.C. 405 (g).  Substantial evidence means "more than
27 a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a
28 preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process.  20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[3]  Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of disability; (2) has an impairment or a combination of impairments that is considered "severe" (schizophrenia) based on the requirements in the Regulations (20 CFR §§ 416.920(b)); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4; and (4) can perform her

---

[3] All references are to the 2003 version of the Code of Federal Regulations unless otherwise noted.

5

past relevant work as a fast food worker and is therefore not disabled as defined in the Social Security Act.   AR 27-28.

Plaintiff argues that the ALJ (1) failed to fully develop the mental health record; (2) was biased; (3) improperly applied the law at Step IV of the sequential analysis; (4) improperly evaluated plaintiff's subjective complaints; and (5) improperly evaluated the treating psychiatrists opinion.

## DISCUSSION

A.  Duty to Develop the Record

Plaintiff first argues the ALJ failed to develop the record by failing to review Listing 12.03 at Step III of the sequential evaluation.  Plaintiff argues the record supports a finding of disability under this listing and that at a minimum, remand for evaluation of this listing is required.

The listings of impairments describe impairments "that are considered severe enough to prevent an adult from doing any gainful activity." 20 C.F.R. § 416.925(a).  Most of these impairments are permanent or expected to result in death.  *Id.*  For all other impairments, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months.  *Id.*  If a claimant's impairment meets or equals a listed impairment, he or she will be found disabled at step three without further inquiry.  20 C.F.R. § 416.920(d).

To demonstrate that an impairment matches a listed impairment, the claimant must show that the impairment meets all of the medical criteria in a Listing.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Id.*  To "equal" a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment."  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1526(a), 416.926(a).  Under the law of this circuit, "[i]t is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every

different section of the listing of impairments." *Gonzales v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.1990).

Listing 12.03 describes schizophrenic, paranoid and other psychotic disorders. 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.03. To meet this listing, plaintiff must have medically documented persistence of at least one of the four listed symptoms and the impairment must result in at least two of the four listed functional limitations: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R. pt. 404, subpt. P, App. 1, § 12.03.

Here, the ALJ found that plaintiff had only mild restriction of activities of daily living, moderate difficulties maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace and one or two episodes of deterioration. AR 27. The record supports the ALJ's findings.

On June 4, 2002, the state agency physician, Dr. Evangeline Murillo reviewed the record and opined that plaintiff's condition was non-severe. AR 116. Her opinion is consistent with the opinion of Dr. Wilson, who examined plaintiff and determined that her schizophrenia was in total remission, she is able to maintain concentration and carry out one or two step simple job instruction; relate and interact with others. AR 112. He found "no evidence of schizophrenia." AR 113. The ALJ's findings regarding plaintiff's functional limitations are support by the record. Based on these findings, plaintiff's limitations do not meet the required level of severity under Listing 12.03.

B.  ALJ's Bias

Plaintiff next argues that the ALJ was biased, particularly against African Americans. Plaintiff alleges that the ALJ treated her and her husband badly at the hearing and "was rude and abrasive." AR 174. Plaintiff points to the transcript of the hearing in support of her argument

and notes that there was "consistent banter between the ALJ and the representative." Plaintiff states that the ALJ used foul language ("smart ass question"). AR 219. Plaintiff contends this ALJ has had five lawyer claims of bias filed against him and generally approves only 10% to 20% of the claims before him. Plaintiff's counsel represents that their office has filed a bias claim against this ALJ and therefore he should have recused himself in this case.

When faced with a claim of bias, the Court must start with the presumption that administrative adjudicators are unbiased and that they exercise their decision-making authority with honesty and integrity. *See Schneider v. McClure*, 456 U.S. 188, 195-196 (1982); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). This presumption can be rebutted by a showing of a conflict of interest or by showing some other specific reason for disqualification. *Schneider*, 456 U.S. at 195. The burden of overcoming this presumption rests with the Plaintiff. *Id.* At 196.

Plaintiff supports his claim of general bias with ALJ Berry's statistics of approving claims. According to Plaintiff, ALJ Berry approves only about 10% to 20% of all claims before him, while the national average is about 63% and visiting judges at his office have approved about 80%. Plaintiff also cites the "excellent favorable Social Security climate in the Central Valley where there is typically low education, non-English speaking, and unskilled labor on the whole." Opening Brief, at 5. These allegations, however, are nothing more than general claims that have nothing to do with Plaintiff's specific proceeding.

In addition to the general claims of bias, Plaintiff argues that since counsel's office has filed claims against ALJ Berry, should have recused himself in this case. Again, however, these are only generalized claims that do not demonstrate actual prejudice, i.e., that the ALJ's behavior was so "extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001). Nothing in the record indicates that the ALJ harbored any prejudice or bias against African Americans.

Plaintiff argues the hearing transcript confirms irregularities, citing AR 210 - 213 where plaintiff appeared to be resistant to testifying and the ALJ suggested reconvening another day, which the Plaintiff rejected.  This testimony does not confirm irregularities or suggest bias on the part of the ALJ.  Plaintiff also contends there was "consistent bantering" between the ALJ and plaintiff's representative, citing AR 217, 228.  Again, the record is contrary and does not reveal "extreme" behavior on the part of the ALJ.

C.      Hypothetical Question

Plaintiff argues that the ALJ did not correctly apply the law at Step IV where the ALJ must determine whether the claimant can perform his or her past relevant work by considering the demands of the claimant's past work as compared with his or her present capacity for work. Villa v. Heckler, 797 F.2d 794, 797 (9th Cir. 1986) (citations omitted); 20 C.F.R. § 416.945 (a). Plaintiff contends that the hypothetical question posed to the VE was insufficient in that it was guaranteed to get the desired answer.  Plaintiff further argues the ALJ failed to ask the VE whether her answer was consistent with the Dictionary of Occupational Titles or whether it varies in the current world of work.

"Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant . . . ." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988).  The testimony of a VE "is valuable only to the extent that it is supported by medical evidence." *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982).  The VE's opinion about a claimant's residual functional capacity has no evidentiary value if the assumptions in the hypothetical are not supported by the record.  *Embrey*, 849 F.2d at 422.

Here, the ALJ found that Plaintiff could perform simple repetitive tasks, relate appropriately to others, maintain attention, concentration, persistence and pace, adapt to usual changes in work settings and adhere to safety rules.  AR 27.  He found no exertional limitations.

AR 27. As discussed above, this residual functional capacity is supported by the opinions of Drs. Murillo and Wilson.

In questioning the VE, the ALJ asked him to assume an individual "is limited to performing simple, routine, repetitive tasks. This individual retains ability to maintain attention and concentration and also persistence and pace. This individual retains the ability to relate to and to interact with others. his individual retains the ability to adapt to usual changes in work settings and to adhere to safety rules." AR 27. The VE testified that a person with these limitations could perform plaintiff's past relevant work as a fast food worker. AR 227.

Contrary to Plaintiff's argument, the limitations in the hypothetical question are supported by the record. AR 110-113, 114-128. While plaintiff argues that additional restrictions should have been noted, the ALJ posed a hypothetical which included all the restrictions he found. Although Plaintiff disagrees with the ALJ's ultimate conclusion, the courts do not have the responsibility for weighing the evidence and resolving conflicts therein, that responsibility belongs to the Commissioner alone. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). The Court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

The Court also rejects plaintiff's argument that the ALJ erred in not asking the VE whether her response was consistent with the information in the Dictionary of Occupational Titles ("DOT"). *See* SSR 00-4p. Plaintiff has failed to identify any conflict between the occupational evidence provided by the VE and information contained in the DOT with regard to the fast food worker position. Nor is there an apparent unresolved conflict. Indeed, the VE testified that the position is classified in the DOT as "light and unskilled, SVP two" (AR 226) and after the hypothetical described above, opined that plaintiff could perform the position. AR 227. In light of the VE's reliance on the DOT in her testimony, the failure of the ALJ to

specifically ask the VE whether there was any conflict with the DOT was harmless error, at most. *See Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

D.     Plaintiff's Testimony

Next, Plaintiff argues that the ALJ failed to properly evaluate plaintiff's testimony regarding her subjective complaints.

The ALJ is required to make specific findings assessing the credibility of plaintiff's subjective complaints. *Cequerra v. Secretary of HHS*, 933 F.2d 735 (9th Cir. 1991). In rejecting the complainant's testimony, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996) (quoting *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir. 1988)). Pursuant to Ninth Circuit law, if the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

"The ALJ may consider at least the following factors when weighing the claimant's credibility: '[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Id.* (citing *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Id.*

The ALJ specifically stated that plaintiff's impairment could reasonably be expected to produce some of the symptoms she alleges, but the degree of limitation she alleges is not supported by the objective medical evidence and is not entirely credible when evaluated under

Social Security Ruling 96-7p.  In so finding that plaintiff's impairment is not as limiting as alleged, the ALJ first discussed plaintiff's testimony and noted that she cares for her three year daughter, cooks, and takes her daughter to appointments with her husband, but she does not drive.  AR 26.  He observed that while plaintiff testified that she has difficulty walking and standing, she could not explain why she had these problems and she admitted that she could lift 51 pounds, carry 21 pounds and had no difficulty using her hands.  The ALJ then properly considered her Activities of Daily Living Questionaire where she stated that she takes care of her personal needs, does all the cooking and cleaning, drives a car, needs no help going out, and has no problem with simple instructions.  AR 27, 85-89.   *See Fair v. Bowen*, 885 F.2d at 597 ("If, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working.").

While brief, the ALJ gave specific and proper findings to permit this Court to conclude that he did not arbitrarily discredit Plaintiff's testimony.  *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

E.   <u>Treating Physician's Opinion</u>

Finally, Plaintiff argues that the ALJ erred by failing to give any weight to the opinions of treating physician Dr. Collado.

The medical opinion of a claimant's treating physician is entitled to "special weight." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988); *Valencia v. Heckler*, 751 F.2d 1082, 1088 (9th Cir. 1985).  Reliance on the opinion of the treating physician is based not only on the fact that he is employed to cure but also on his greater opportunity to observe and know the patient as an individual.  However, a treating physician's opinion is not conclusive as to a physical condition or the ultimate issue of disability.  *Magallanes*, 881 F.2d at 751, and *Matney v.*

*Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). An ALJ may reject a contradicted treating physician's opinion on the basis of clear findings that set out specific, legitimate, reasons for the rejection. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Here, the ALJ determined that Dr. Collado's conclusions regarding plaintiff's abilities were supported neither by the treatment record as a whole nor plaintiff's own statements about her abilties and therefore he gave her conclusions "less weight than would typically be warranted." AR 26. The ALJ noted that while Dr. Collado diagnosed schizo-affective disorder, she did not recommend any counseling or any type of therapy and asked plaintiff to return in 8 weeks. The ALJ felt this diminished the significance of plaintiff's condition. AR 26. The ALJ thereafter found Dr. Collado's conclusions regarding plaintiff's abilities to be unsupported.

The ALJ did not err in finding Dr. Collado's opinion to be unsupported. This opinion was set forth on a pre-printed, check-the-box form and was not supported by any explanation. AR 169-170. Dr. Collado simply listed Plaintiff's diagnoses as "schizo-affective disorder" and indicated that she had poor ability to perform simple instructions, maintain concentration for two hour period, interact with co-workers and supervisors; and impaired ability to sustain an ordinary routine without special supervision and handle the responsibilities common to a basic work environment. The ALJ was not required to adopt this conclusion which is contradicted by that of Dr. Wilson who opined that plaintiff's schizophrenia was in total remission. AR 112. A statement by a physician indicating a claimant is "disabled" does not mean that the Secretary will concur, absent review of medical findings and other evidence. 20 C.F.R. 416.927(e); *Nyman v. Heckler*, 779 F.2d 528 (9th Cir. 1985) ("Conclusory opinions by medical experts regarding the ultimate question of disability are not binding on the ALJ."). Moreover, a brief and conclusionary form opinion which lacks supporting clinical findings is a legitimate reason to reject a treating physician's conclusion. *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The clerk of this Court is DIRECTED to enter judgment in favor of Defendant Jo Anne B. Barnhart, Commissioner of Social Security and against Plaintiff, Irma Mitchell.

IT IS SO ORDERED.

Dated:  **September 15, 2005**                    **/s/ Dennis L. Beck**
3b142a                                                           UNITED STATES MAGISTRATE JUDGE